FILED
United States Court of Appeals
Tenth Circuit

March 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SAMMY LEE SANDERS,

      Petitioner - Appellant,

v.

JIM FARRIS, Warden, Lexington
Correctional Center,

      Respondent - Appellee.

No. 13-5150
(D.C. No. 4:10-CV-00695-TCK-PJC)
(N.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Petitioner-Appellant Sammy Lee Sanders, a state prisoner appearing pro se, seeks a certificate of appealability ("COA") in order to appeal the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A). We deny a COA and dismiss the appeal.

We may issue a COA only if Mr. Sanders makes "a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). He may accomplish this by showing that reasonable jurists could debate whether the petition should have been resolved differently or that the issues deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court dismisses a

petition on procedural grounds and does not reach the merits of the underlying constitutional claims, the inmate must make a threshold showing that the district court's procedural ruling is reasonably debatable. Id.

Mr. Sanders asserts the same seven claims of error he raised before the district court: (1) the state trial court erred in imposing conditions on the admissibility of certain evidence; (2) improper arguments by the prosecutor deprived Mr. Sanders of a fair trial; (3) Mr. Sanders was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments; (4) Mr. Sanders's appellate counsel was ineffective for failing to raise the issue of the prosecutor using known perjured testimony; (5) appellate counsel was ineffective for failing to raise the issue of the prosecutor shifting the burden of proof; (6) appellate counsel was ineffective for failing to raise a Brady violation because the prosecutor failed to provide statements of witnesses during discovery; and (7) cumulation of errors resulted in an unfair trial. Aplt. Br. 3; Sanders v. Farris, No. 10-CV-695-TCK-PJC, 2013 WL 6148364, at *4 (N.D. Okla. Nov. 22, 2013).

The district court's resolution of claims (1) (state evidentiary issues), (2) (prosecutorial misconduct), (3) (ineffective trial counsel), and (7) (cumulative error), all of which were adjudicated by the Oklahoma Court of Criminal Appeals ("OCCA"), is not reasonably debatable. See Sanders, 2013 WL 6148364, at *5-15. Claims (4), (5), and (6) were dismissed on procedural grounds, id. at *15-17,

and the district court's ruling that the OCCA's procedural bar was an independent and adequate state ground precluding habeas review is not reasonably debatable. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The district court carefully considered the claims, and Mr. Sanders has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack, 529 U.S. at 484.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge